**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALMA AGHMANE,

              Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.,

              Defendant-Appellee.

No.   15-15482

D.C. No. 4:13-cv-03698-DMR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and MUELLER,[**] District
Judge.

      Plaintiff-Appellant Salma Aghmane appeals the district court's order

granting partial summary judgment to Defendant-Appellee Bank of America, N.A.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Kimberly J. Mueller, United States District Judge for
the Eastern District of California, sitting by designation.

("BANA"). Because we conclude a reasonable jury could find BANA acted with malice as provided by the interested persons privilege established by California Civil Code section 47(c), we reverse and remand for further proceedings.

California's interested persons privilege immunizes a former employer from tort liability when the employer communicates without malice to an interested third party regarding a former employee's job performance. Cal. Civ. Code § 47(c); *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 293 (2006). In analyzing malice, courts focus on an individual's state of mind, rather than conduct, and do not infer malice from the communication itself. *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370–71 (2003). A plaintiff may prove malice in two ways: first, by providing direct evidence that the defendant's communication was "motivated by hatred or ill will" towards the plaintiff, *Agarwal v. Johnson*, 25 Cal. 3d 932, 945 (1979) (quoting *Brewer v. Second Baptist Church*, 32 Cal. 2d 791, 797 (1948)); and second, by providing circumstantial evidence that "the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights," *Sanborn v. Chronicle Pub. Co.*,

2

18 Cal. 3d 406, 413 (1976) (quoting *Roemer v. Retail Credit Co.*, 44 Cal. App. 3d 926, 936 (1975)).[1]  Only the second, circumstantial method is at issue here.

To prove reckless disregard, the plaintiff must show the defendant "made the false publication with a high degree of awareness of . . . probable falsity, or must have entertained serious doubts as to the truth of his publication."  *Young v. CBS Broad., Inc.*, 212 Cal. App. 4th 551, 563 (2012) (alteration in original) (citations omitted) (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989)).  Neither "[t]he failure to conduct a thorough and objective investigation, standing alone," nor "mere proof of ill will," is sufficient to prove actual malice.  *Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 258 (1984) (citations omitted).  A defendant's recklessness or knowledge of falsity may be adduced "by accumulation and by appropriate inferences," *Fisher v. Larsen*, 138 Cal. App. 3d 627, 640 (1982), from "[e]vidence of negligence, of motive and of intent," *Reader's Digest*, 37 Cal. 3d at 257 (quoting *Goldwater v. Ginzburg*, 414 F.2d 324, 342 (2d Cir. 1969)).  Evidence showing a publisher's serious doubts as to the truth of a publication can include "[a] failure to investigate, anger and

---

[1] In interpreting the interested persons privilege, California courts frequently borrow the "actual malice" standard from the First Amendment context.  *See McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1539 n.18 (2013) (collecting cases).  This memorandum disposition relies on both lines of authority.

hostility toward the plaintiff, [and] reliance upon sources known to be unreliable or known to be biased against the plaintiff[.]" *Id.* at 258 (citations omitted).

A reasonable jury could find BANA acted recklessly when it reported Aghmane to a third party database maintained by Early Warning Services, LLC ("EWS"), based on statements made by Aghmane's cousin, D.A.[2] EWS provides fraud prevention services to member financial institutions and maintains a database of members' former employees terminated for knowingly causing or attempting to cause financial loss. In reporting Aghmane to the EWS system, BANA effectively made the affirmative representation that it had "conclusive evidence of criminal wrongdoing" by Aghmane. To establish malice here,

> [i]t is not sufficient to show that the statements were inaccurate, or even unreasonable. Only willful falsity or recklessness will suffice [because it] is only when the negligence amounts to a reckless or wanton disregard for the truth, so as to reasonably imply a willful disregard for or avoidance of accuracy, that malice is shown.

*Kashian v. Harriman*, 98 Cal. App. 4th 892, 931 (2002) (internal quotation marks and ellipsis omitted) (quoting *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1301–02 (E.D. Cal. 1996)). A genuine dispute of fact exists if BANA made the

---

[2] Because she presented this theory in her briefs below and the district court addressed it, Aghmane preserved her argument that BANA acted recklessly by making a statement with no reasonable belief in its truth. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

representation with reckless disregard for Aghmane's rights because BANA either did not believe the statement to be true or it unreasonably believed the statement to be true. *See McGrory*, 212 Cal. App. 4th at 1540. "In either case, a fact-finder would have to ascertain what [BANA] subjectively knew and believed about the topic at the time [it] spoke." *Id.*

The record in this case reveals a "she said-she said" conflict based on the statements of Aghmane and D.A. BANA's case notes summarizing its fraud analyst's conversation with D.A., conducted through a foreign language interpreter, indicate D.A. denied giving Aghmane authorization to withdraw funds from her account. But D.A. declined to seek prosecution against anyone or to identify Aghmane in writing. Aghmane told BANA, orally and in writing, that D.A. authorized the transactions. Aghmane also provided BANA with documents showing D.A. owed her money, consistent with Aghmane's contention that she paid for D.A.'s housing and living expenses when D.A. moved to San Francisco. BANA's lead investigator on this matter, Karen Muth, never spoke with D.A. And no one from BANA contacted D.A. again after Aghmane told her side of the story. Based on these facts, a reasonable jury could find BANA either knew or reasonably should have known it did not have "conclusive evidence" that Aghmane had engaged in criminal wrongdoing.

A reasonable jury also could find BANA acted recklessly by not further investigating Aghmane's story. While a negligent investigation alone cannot establish actual malice, *Rollenhagen v. City of Orange*, 116 Cal. App. 3d 414, 423 (1981), *disapproved of on other grounds by Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 738 (1989), evidence of BANA's complete disregard of Aghmane's "denials may, by accumulation and by appropriate inferences, show recklessness," *Fisher*, 138 Cal. App. 3d at 640. Were a jury to find BANA's failure to investigate "was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of [the] charges," it could find actual malice in BANA's failure to investigate the conflicting accounts after speaking with Aghmane. *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041, 1048 (1991) (quoting *Harte-Hanks*, 491 U.S. at 692). Given BANA's communication to EWS that it had conclusive evidence that Aghmane engaged in criminal wrongdoing, a reasonable jury could find BANA's "investigation [to be] grossly inadequate under the circumstances." *Fisher*, 138 Cal. App. 3d at 640 (quoting *Vandenburg v. Newsweek, Inc.*, 507 F.2d 1024, 1026 (5th Cir. 1975)). This, too, could allow a jury to infer actual malice. *Id.*

The district court erred in granting summary judgment to BANA.  We reverse and remand for further proceedings consistent with this memorandum disposition.

**REVERSED and REMANDED.**